# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. MARTEZ RODRECO CEASER, Defendant. | Case No. CR08-0085<br><br>ORDER FOR PRETRIAL DETENTION |

On the 31st day of December, 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Michael M. Lindeman.

## RELEVANT FACTS

On December 17, 2008, Defendant Martez Rodreco Ceaser was charged by Indictment (docket number 2) with possession of a firearm as an unlawful user of controlled substances. Defendant appeared on December 31, 2008, entered a plea of not guilty, and trial is scheduled for March 2, 2009.

The facts pertaining to pretrial detention were established by proffer and the pretrial services report. According to the Government's proffer, on October 7, 2008, Defendant was driving a car owned by another person (with the last name Gaston). On that date, Gaston robbed Tamara Williams and her boyfriend, while brandishing a handgun.

Three days later, on October 10, 2008, Defendant, Gaston, and a third person went to the Hawkeye Convenience Store, with Defendant driving. Defendant and the third person entered the store. When exiting the store, Defendant encountered Tamara Williams and some of her relatives. Defendant and Williams "exchanged words" regarding the

1

robbery which occurred three days earlier. During that exchange, Defendant pulled a handgun out of his waistband and "displayed it in a threatening manner." Defendant, Gaston, and the third person then drove off.

Police were summoned and later stopped Defendant's vehicle. By that time, Gaston and the third person had gotten out of the vehicle and Defendant was alone. After initially stopping his vehicle, Defendant then rammed the police squad car and took off running. Defendant was later apprehended by other officers. Found on the driver's seat of the vehicle was a .357 handgun. Both the handgun and the vehicle were stolen.

Defendant is 22 years old and lived primarily with his mother prior to his arrest. While he has never been married, Defendant has two children. Defendant told the pretrial services officer that his two-year-old son lives with him, while his one-year-old son lives with the child's mother. Defendant did not graduate from high school, but is working toward a GED. Defendant has never been employed.

Defendant has been diagnosed with a sexually transmitted disease, but has no other medical problems. Defendant did not report any history of mental health problems. Defendant told the pretrial services officer that he drinks alcohol "occasionally" and smokes marijuana "when it is around." Defendant reported that "he may smoke marijuana twice a month or he could go months without smoking it."

In 2004, Defendant was charged and convicted of operating while under the influence. In 2005, Defendant was convicted of interference with official acts, public intoxication, a second operating while under the influence, and theft in the fifth degree. In 2006, Defendant was convicted of assault causing bodily injury, public intoxication, "disorderly conduct/fighting or violent behavior," domestic abuse assault, assault causing bodily injury, and interference with official acts.

On the last three charges, Defendant was sentenced to one year in jail, with most of the jail term suspended. On July 22, 2007, however, Defendant was charged with possession of a controlled substance and interference with official acts. Defendant's probation was then revoked and he was apparently incarcerated from August 2007 to June

2008. Since being released from jail, Defendant has convictions for public intoxication and driving while barred.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession of a firearm as an unlawful user of controlled substances, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant

3

detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession of a firearm as an unlawful user of controlled substances. According to the Government's proffer, Defendant displayed the handgun during an unfriendly exchange of words. Defendant also allegedly rammed a police squad car and ran in an attempt to avoid arrest. While Defendant has strong ties to this community, he has never been employed. Despite being only 22 years old, Defendant has a substantial criminal record, including two convictions for operating a vehicle while under the influence, three interference with official acts, three public intoxications, and possession of a controlled substance. In

addition, Defendant has four convictions relating to assaultive behavior. Defendant was found to have violated his probation in 2006 and again in 2007. The Court is not optimistic that Defendant would comply with any terms or conditions of pretrial release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 31st day of December, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA